OPINIONS OF THE SUPREME COURT OF OHIO

**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. DePietro.
[Cite as Disciplinary Counsel v. DePietro (1994),     Ohio St.3d        .]
Attorneys at law -- Misconduct -- Public reprimand --
     Professional judgment reasonably affected by personal and
     financial interests -- Engaging in conduct adversely
     reflecting on fitness to practice law.
     (No. 94-2253 -- Submitted December 7, 1994 -- Decided
December 30, 1994.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-56.

In a complaint filed October 19, 1992, relator, Office of Disciplinary Counsel, charged respondent, Harry J. DePietro of Columbus, Ohio, Attorney Registration No. 0042491, with two counts of misconduct alleging numerous disciplinary violations. In a lengthy answer, respondent admitted some of the factual allegations, but denied that he had committed any disciplinary violations.

An evidentiary hearing on the matter was held before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on July 29, 1994. The parties presented stipulations. As to Count I of the complaint, in April 1990, respondent began his representation of Tammy Blakeman in a personal injury matter. During the representation, respondent and Blakeman engaged in a consenting, romantic relationship.

In February 1991, respondent and Blakeman were married. After thirty-one days of marriage, they separated. During their separation, disagreements between himself and Blakeman and her family caused a significant decrease in all communication between respondent and Blakeman, including discussions concerning her personal injury claim. While there is no evidence that respondent failed to competently represent Blakeman, he conceded that his personal relationship with her adversely impacted his attorney-client relationship. While

separated, respondent attempted to have his wife accept other counsel in her personal injury matter. In October 1991, respondent and Blakeman were divorced. Respondent withdrew from her personal injury case in January 1992, and Blakeman subsequently settled the matter herself.

Respondent acknowledged and the panel concluded that respondent's conduct in continuing to represent Blakeman during and after their involvement in a personal, romantic relationship constituted a violation of DR 5-101(A) (professional judgment reasonably affected by own personal and financial interests), as well as a violation of DR 1-102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law).

As to Count II, in August 1991, Annette Scoles visited a legal aid office in Mt. Vernon, Ohio to obtain a divorce. Respondent, then the Litigation Director for Central Ohio Legal Aid Society, Inc., advised Mark Rosenthaler, the managing attorney for the Mt. Vernon legal aid office, that he wanted to serve as co-counsel in the representation of Scoles. Respondent began meeting Scoles socially, and directed Rosenthaler to substitute himself as counsel in Scoles's divorce case. However, unknown to respondent, Rosenthaler failed to follow his order.

Respondent engaged in a consenting, romantic relationship with Scoles. After Scoles's sister informed the Executive Director of the Central Ohio Legal Aid Society, Inc. of respondent's relationship with Scoles, respondent demanded Rosenthaler immediately substitute himself as counsel for Scoles, and respondent withdrew as counsel for Scoles. In February 1992, Scoles moved out of respondent's residence. Although respondent had withdrawn from the divorce case, he continued his involvement in it by instructing the legal-aid attorneys on conducting depositions and expressing dissatisfaction with a drafted temporary child support pleading. Respondent later served upon one of the attorneys he had previously assigned to serve as co-counsel on the Scoles divorce his motion requesting visitation with Scoles's children. Respondent eventually decided his motion was inappropriate and did not file it, but by that time, Scoles had already been notified by her counsel that respondent wanted to file the request for visitation.

Respondent acknowledged and the panel concluded that his continued involvement in Scoles's divorce case despite his personal relationship with her violated DR 5-101(A) and 1-102(A)(6).

In mitigation, respondent presented five character witnesses who testified that he represented clients diligently, often with little or no remuneration. Respondent testified that during the period in which he committed the disciplinary violations, he was suffering depression from several different events, including his father's death, the ending of a relationship with another woman, an injury caused by a motorcycle accident, and a diabetic condition. Respondent conceded that he used extremely poor judgment in his actions concerning Blakeman and Scoles.

Relator recommended that respondent be suspended from the practice of law for six months, with that period stayed and

respondent placed on probation. Respondent and the panel recommended that he be publicly reprimanded.  The board adopted the findings of fact, conclusions of law, and recommendation of the panel, and further recommended that costs be taxed to respondent.

Geoffrey Stern, Disciplinary Counsel, and Alvin E. Mathews, Assistant Disciplinary Counsel, for relator.
Harry J. DePietro, pro se.

Per Curiam.  We concur in the findings and recommendation of the board.  Accordingly, we hereby publicly reprimand Harry J. DePietro.  Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.
Pfeifer, J., dissents.
Pfeifer, J., dissenting.  The facts as presented in this case do not merit disciplinary action.  However, respondent did agree with the panel's recommendation of a public reprimand. If there are some other facts that yielded this result, they should be revealed to this court.  If not, the case should be dismissed.